UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REUTERS NEWS & MEDIA INC. and
THOMSON REUTERS U.S. LLC.,

                        Petitioners,

v.

MARK VINCENT MORGAN SR.,

                        Respondent.

CERTIFICATION FOR CONTEMPT

24-MC-6020-EAW-MJP
Associated Case 1:24-CV-00507-AS
(S.D.N.Y.)

# INTRODUCTION

**Pedersen, M.J.** Petitioners Reuters News & Media and Thomson Reuters U.S. LLC. ("Reuters") have petitioned the Court to issue an order directing Mark Vincent Morgan Sr. to appear for a deposition in this District to preserve his testimony involving a copyright infringement case in the Southern District of New York and to find him in contempt of court for his failure to comply with an earlier subpoena properly served with a witness fee.

The Clerk assigned this case to the Honorable Elizabeth A. Wolford, Chief Judge, who referred it to me under 28 U.S.C. § 636 "for all pretrial matters excluding dispositive motions." (Text Order Referring Case, Dec. 9., 2024, ECF No. 4.) On the same day, I issued an Order that was personally served on Mark Vincent Morgan Sr to appear before me on December 12, 2024, at 11:00 a.m., at the Federal Courthouse, 100 State Street, Rochester, New York, directing Morgan to show cause "why he should not be compelled to comply with the subpoena or held in contempt for disobeying the subpoena." (Order ¶¶ 1 & 2, Dec. 9, 2024, ECF No. 4.) The Order also set December 11, 2024, at 5:00 p.m. for filing any opposition to Petitioner's motion. (*Id.* ¶ 3.) Morgan did not file any opposition papers.

On December 12, 2024, the Court convened a session in the Courthouse at 11:00 a.m. Jeremy A. Chase, Esq., appeared by Zoom for Reuters. The session lasted until 11:15 a.m. At no time did Morgan appear or contact the Court.

## STANDARD OF LAW

A magistrate judge has the authority to certify to the district court facts that constitute contempt in a civil case. In that event, the

> district judge [ ] may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

## FACTS CERTIFIED TO THE DISTRICT COURT

I hereby certify the facts below to Chief Judge Wolford for consideration in finding Mr. Morgan in contempt for violating the subpoena *and* my Order.

1. Based on the unopposed declaration of Jeremy A. Chase, Esq., in addition to questions posed and answers received from him during the appearance on December 12, 2024:

    a. "Reuters is the Defendant in a copyright infringement action pending in the Southern District of New York. Discovery in that action closes on December 13, 2024." (Chase Decl. ¶ 2.)

    b. "The Plaintiff in that action alleges that Reuters infringed the Plaintiffs copyrighted videos of a 2022 snowstorm in western New York by distributing those videos to Reuters' customers." (*Id.* ¶ 3.)

2

c. "Reuters received certain allegedly infringing videos under license from a newsgathering partner, Stringr, Inc., which represented and warranted that it had the rights to license the videos. For its part, Stringr received the videos from the Respondent here, Morgan. Pursuant to Stringr's terms of use, Morgan likewise represented and warranted that he had the rights to license the videos to Stringr and its partners." (*Id.* ¶ 4.)

d. On November 19, 2024, Reuters issued a subpoena to Morgan to testify at a deposition on December 3 at the law firm of Ogletree Deakins in Buffalo, New York, and to produce certain documents at the deposition. (*Id.* ¶ 6.)

e. After several attempts, Reuters successfully served Morgan with the subpoena on November 25 at 14 Boxwood Lane #1, Fairport, New York—the same address listed in his upload to Stringr. (*Id.* ¶ 7.)

f. "Later that day [Nov. 25], Morgan called Reuters' counsel and left a voicemail. In the voicemail, Morgan acknowledged being served but professed to deny knowledge of the persons and entities listed in the subpoena. The full voicemail stated:

   i. "'Hello, hi. My name is Mark Morgan. Somebody brought me a paper in regards to someone being sued in a civil court in a civil action case, and they want me to appear or something like that. I don't know any of these people, I don't know what they want. And so, and something about a check on here, I don't need money, I don't know what this check is for, I don't want it. I don't know any of these people. And please start, uh, please stop harassing me. And don't count on me being anywhere, in no court.'" (Chase Decl. ¶ 8.)

3

g. On November 26, 2024, Mr. Chase "called Morgan at the phone number associated with his Stringr account. In the call, Morgan identified himself, acknowledged that he had left the voicemail, and admitted that he had been served at his partner's address (which is also his address associated with Stringr). He again professed to deny knowledge of the subject matter of the case and suggested that his son, Mark Vincent Morgan Jr., might have been involved in the matter, among other false statements. Based on publicly available information, [Mr. Chase has] reason to believe Morgan's son died in 2016–six years before the events at issue occurred. Morgan then stated that he did not want, to get involved and abruptly hung up...." (*Id.* ¶ 9.)

h. Mr. Chase corresponded with Morgan over email to offer to set a different date and advised that otherwise the deposition would go forward on December 3, 2024. Mr. Chase advised in his email that Morgan's failure to comply might result in being held in contempt of court. (*Id.* ¶ 10 & Ex. G.)

i. Mr. Chase reminded Morgan of the deposition in a voicemail left on Morgan's phone on December 2, 2024. Mr. Chase also offered, via email, to take the deposition by Zoom and provided a link to the Zoom meeting Mr. Chase set up. (*Id.* ¶ 11.)

j. On December 3, 2024, at 10:00 a.m., the appointed date and time of Morgan's deposition in the subpoena, counsel for the plaintiff in the underlying case, counsel for Reuters, and a stenographer were present, but Morgan failed to show and failed to appear via the Zoom link. Mr. Chase left Morgan a voicemail message at about 10:15 a.m. as a reminder and left the Zoom link open. Morgan still did not show.

Consequently, Mr. Chase closed the deposition and Zoom link at about 11:00 a.m. (*Id.* ¶¶13–15.)

k. Later on December 3, Morgan evidently accidently called Mr. Chase, and a muffled voicemail message resulted. Mr. Chase returned the call, Morgan answered, said he could not hear then disconnected. Mr. Chase called back again, and Morgan did not answer. (Chase Decl. ¶¶ 16–18.)

2. My Order directing Morgan to Show Cause was served by Scott J. Campanella, process server. According to Mr. Campanella's unopposed certificate of service, sworn to under penalty of perjury:

a. He attempted to serve the Order on Monday, December 9, 2024, at 7:15 p.m. at 14 Boxwood Lane, Apartment 1, Fairport, N.Y.

b. Morgan's girlfriend and primary resident of the Fairport apartment appeared at the door and claimed that Morgan did not reside there, that he resided in Buffalo, and she would not see him until the weekend.

c. Mr. Campanella returned the following morning to the Fairport apartment at 6:36 a.m. and encountered a neighbor who confirmed that Morgan could be found in the Fairport apartment.

d. Mr. Campanella rang the doorbell to apartment 1 repeatedly with no response. He waited an hour, and then Mark Vincent Morgan Sr. emerged from the apartment. An exterior glass door separated Mr. Campanella from Morgan, who spoke with Mr. Campanella and made "disparaging and threatening comments" towards Mr. Campanella as well as "gestured with his genitals in protest."

e. Mr. Campanella served Morgan, who told Mr. Campanella that he would throw everything in the garbage.

5

3. Mr. Chase showed me an envelope addressed to Mr. Campanella that Morgan evidently mailed to him, and which contained the served papers as well as a check for the witness fee.

4. I convened court at 11:00 a.m. on December 12, 2024, the date and time I ordered Morgan to appear and show cause. The Court Security Officers were briefed by my courtroom deputy clerk to watch for Morgan and alert me should he appear at the entrance of the courthouse. During the appearance, which lasted from 11:00 until 11:15 a.m., Morgan neither appeared nor contacted the courthouse.

5. Although earlier on the 12th the weather was snowy, at the time set for the appearance, the weather outside was clear and sunny.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the above facts to the District Court and recommends that the District Court order Respondent Mark Vincent Morgan Sr. to show cause why he should not be adjudged in contempt by reason of the facts so certified.

DATED:   December 12, 2024
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

6